### MARIGLIANO v. O'CONNOR.

(Supreme Court, Appellate Term. June 1, 1906.)

REPLEVIN—EVIDENCE.

　　In an action to recover certain property held by defendant as property clerk of the police department of the city of New York, and taken from plaintiff's assignor by the police on the arrest of the latter, evidence *held* to require judgment for plaintiff.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Gesice Marigliano against Thomas F. O'Connor, as property clerk. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Rosario Maggio, for appellant.
J. J. Delany, for respondent.

DAVIS, J. Action brought to recover certain property held by the defendant as property clerk of the police department of the city of New York. In July, 1905, the property was taken by the police from one Gaetano Gianvecchio, who was then under arrest charged with crime, and by the police delivered to the property clerk. Gianvecchio was subsequently convicted and is now serving a term in Sing Sing Prison. On October 5, 1905, by written assignment he transferred this property to the plaintiff. This assignment was made probably after Gianvecchio's term of imprisonment began. (See assignment.) The plaintiff brought this action to recover possession of the property under this assignment. The defendant's original answer was a general denial, but on the trial the answer was amended so as to include an allegation that the property was not legally in the possession of the property clerk, but that possession was then in the sheriff under an execution. The evidence shows that the sheriff attempted to make a levy, but failed to

do so. He returned his execution, and made no mention thereon of any levy upon this property. (See execution in evidence.) On all the evidence the plaintiff should have had judgment in his favor against the defendant.

Judgment appealed from is reversed, and new trial granted, with costs to appellant to abide the event. All concur.    o